# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4352-18

STATE OF NEW JERSEY,

     Plaintiff–Respondent,

v.

N. E. J.,

     Defendant–Appellant.

_____

Submitted January 11, 2021 – Decided September 2, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 17-03-0174.

Joseph E. Krakora, Public Defender, attorney for appellant (John Douard, Assistant Deputy Public Defender, of counsel and on the briefs).

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Special Deputy Attorney General/Acting Senior Assistant Prosecutor, on the brief).

PER CURIAM

After a bench trial, defendant N.E.J. was found guilty of aggravated sexual assault against his minor niece. Defendant appeals from an April 24, 2019 judgment sentencing him to nine years' incarceration with eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA). On appeal, defendant argues the judge erred by admitting testimony about defendant's prior sexual misconduct under N.J.R.E. 404(b) and the principles of fresh complaint. We affirm for the reasons set forth below.

I.

The victim, R.T., was born in March 2000. During the relevant time periods she resided in Pennsylvania with her parents and two brothers. Defendant is the victim's maternal uncle, and he resided with the victim's maternal grandparents in Pine Hill, New Jersey. The grandparents resided in Pine Hill, New Jersey at all relevant times except for a one-year period when they resided in Washington Township, New Jersey from July 1, 2014 to August 31, 2015. The sexual assault complained of took place during this one-year period. When R.T. was approximately twelve years old, she began to exhibit certain behavior problems, including sexual promiscuity and running away from home. She was hospitalized several times in her early teen years because of these behavioral issues. When she was fifteen, she ran away, and eventually her

A-4352-18

parents sent her to live at the Children's Home of York (CHOY). During her stay at CHOY during December 2015, R.T. was required to attend regular therapy sessions. On December 24, R.T. disclosed to Lisa Fritz, her therapist, that when she was nine years old defendant touched her over and under her clothes, and digitally penetrated her vagina. This happened while R.T. was on an overnight visit to her grandparents' home in Pine Hill. Dawn Kammerer, a forensic interviewer with the Lancaster County Children's Alliance, also interviewed the victim. During that interview, R.T. disclosed the Pine Hill assault as well a second incident in which defendant penetrated R.T.'s vagina with his penis in the basement of her grandparents' Washington Township home when she was fourteen.

The Gloucester County Prosecutor's Office investigated the second incident. Defendant was indicted for 1st degree aggravated sexual assault on March 22, 2017.

Before the bench trial, the State filed two motions in limine: 1) to admit testimony of Lisa Fritz and Dawn Kammerer as to the first assault under N.J.R.E. 404(b), and 2) to admit the testimony of Dawn Kammerer as to the second assault under the fresh complaint doctrine. The court admitted Fritz' testimony under Rule 404(b) and Kammerer's testimony on the second assault under the

A-4352-18

fresh complaint doctrine. At the conclusion of the bench trial on July 9, 2018, the judge found the defendant guilty of first degree aggravated sexual assault. Defendant argues on appeal that:

> THE JUDGE ERRED BY ADMITTING IRRELLEVANT AND UNRELIABLE EVIDENCE OF N.E.J.'S SEXUAL MISCONDUCT FIVE YEARS PRIOR TO THE OFFENSE CHARGED IN THE INDICTMENT. THAT THIS WAS A BENCH TRIAL DOES NOT RENDER ALL PRIOR-CRIME AND "FRESH COMPLAINT" EVIDENCE ADMISSIBLE.
>
> > A. The Evidence Of Uncharged Sexual Misconduct By N.E.J. Was Improper N.J.R.E. 404(b) Evidence, and The Judge Failed to Explain Why She Regarded It as Admissible Under the Rule.
> >
> > B. R.T.'s Alleged Disclosures to Fritz and Kammerer About the Five-Year-Old Uncharged Misconduct of N.E.J. Should Have Been Excluded From Evidence Because These Statements Did Not Fall Within the Purview of the Fresh Complaint Doctrine and Unduly Prejudiced the Defense.

## II.

We first address the "admission of other crimes evidence – specifically, the admission of a prior uncharged act of attempted sexual assault against a young [girl] who identified defendant as her assailant. N.J.R.E. 404(b) governs the admissibility of such evidence." State v. Willis, 225 N.J. 85, 97 (2016).

A-4352-18

We review a trial court's ruling on the admissibility of other crimes, wrongs, or bad acts evidence for abuse of discretion. State v. Barden, 195 N.J. 375, 390-91 (2008). We afford great deference to the court's ruling and will reverse only where there was a clear error of judgment. Ibid.

N.J.R.E. 404(b) governs other crimes, wrongs, or acts evidence as follows:

> [E]vidence of other crimes, wrongs, or acts is not admissible to prove the disposition of a person in order to show that such person acted in conformity therewith. Such evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute.

"'[B]ecause N.J.R.E. 404(b) is a rule of exclusion rather than a rule of inclusion,' the proponent of evidence of other crimes, wrongs or acts must satisfy a four-prong test." State v. Carlucci, 217 N.J. 129, 140 (2014) (quoting State v. P.S., 202 N.J. 232, 255 (2010)). Under this test, commonly known as the Cofield test, to be admissible under N.J.R.E. 404(b), the evidence of the other crime, wrong or act: (1) "must be admissible as relevant to a material issue;" (2) "must be similar in kind and reasonably close in time to the offense charged;" (3) "evidence of the other crime must be clear and convincing;" and (4) its probative value "must not be outweighed by its apparent prejudice." State v. Cofield, 127 N.J. 328, 338 (1992).

5

To satisfy the first prong of Cofield, the evidence must have "a tendency in reason to prove or disprove any fact of consequence to the determination of the action." See N.J.R.E. 401 (defining "[r]elevant evidence"). The evidence must also concern a material issue, "such as motive, intent, or an element of the charged offense . . . ." State v. Rose, 206 N.J. 141, 160 (2011) (quoting P.S., 202 N.J. at 256). Under Cofield, an issue is material if "the matter was projected by the defense as arguable before trial, raised by the defense at trial, or was one that the defense refused to concede." Ibid. (quoting P.S., 202 N.J. at 256).

Proof of the second prong is not required in all cases, but only in those that replicate the facts in Cofield, where "evidence of drug possession that occurred subsequent to the drug incident that was the subject of the prosecution was relevant to prove possession of the drugs in the charged offense." Barden, 195 N.J. at 389 (quoting Williams, 190 N.J. at 131).

The third prong requires clear and convincing proof that the person against whom the evidence is introduced actually committed the other crime or wrong. Carlucci, 217 N.J. at 143. "[T]he prosecution must establish that the act of uncharged misconduct . . . actually happened by 'clear and convincing' evidence." Rose, 206 N.J. at 160 (quoting Cofield, 127 N.J. at 338).

A-4352-18

Last, the fourth prong is "generally the most difficult part of the test." Barden, 195 N.J. at 389. "Because of the damaging nature of such evidence, the trial court must engage in a 'careful and pragmatic evaluation' of the evidence to determine whether the probative worth of the evidence is outweighed by its potential for undue prejudice." Ibid. (quoting State v. Stevens, 115 N.J. 289, 303 (1989)). The analysis incorporates balancing prejudice versus probative value required by N.J.R.E. 403, but does not require, as does N.J.R.E. 403, that the prejudice substantially outweigh the probative value of the evidence. State v. Reddish, 181 N.J. 553, 608 (2004). Rather, the risk of undue prejudice must merely outweigh the probative value. Ibid. (citations omitted).

We briefly summarize fresh complaint principles. Ordinarily, a third party's testimony about a victim's out of-court description of an alleged assault is inadmissible hearsay evidence. N.J.R.E. 802. The fresh-complaint rule is a common law exception to this rule that "allows witnesses in a criminal trial to testify to a victim's complaint of sexual assault." State v. Hill, 121 N.J. 150, 151 (1990); State v. W.B., 205 N.J. 588, 616 n.14 (2011). The purpose of the rule is to "allow[] the admission of evidence of a victim's complaint of sexual abuse, otherwise inadmissible as hearsay, to negate the inference that the victim's initial silence or delay indicates that the charge is fabricated." State v.

R.K., 220 N.J. 444, 455 (2015) (citing Hill, 121 N.J. at 163). "[T]o qualify as fresh-complaint evidence, the victim's statement must have been made spontaneously and voluntarily, within a reasonable time after the alleged assault, to a person the victim would ordinarily turn to for support." R.K., 220 N.J. at 455 (citing W.B., 205 N.J. at 616). "The determination of whether the fresh complaint rule's conditions of admissibility have been satisfied is committed to the discretion of the trial court." State v. L.P., 352 N.J. Super 369, 380-81 (App. Div. 2002) (citing Hill, 121 N.J. at 167-68). We may find an abuse of discretion if the court made a "clear error of judgment." State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 149 N.J. 469, 484 (1997)).

III.

The judge admitted therapist Lisa Fritz' testimony regarding the uncharged Pine Hill sexual assault, however we agree with defendant that the judge did not perform the requisite Cofield analysis, so our review must be de novo. See State v. Garrison, 228 N.J. 182, 194 (2017) (citations omitted). The record shows that R.T. reported defendant's digital penetration and offensive touching to her therapist. We conclude, based on this record, that Fritz' testimony about the Pine Hill sex assault went to defendant's plan to desensitize R.T. to future sexual contacts. See Id. at 196. R.T.'s account to Fritz of what

defendant did to her when she was nine years old was detailed and thorough, and the judge found R.T. to be a credible witness. Consequently, we find the evidence of the Pine Hill assault to be clear and convincing. This was a bench trial, and there was no jury which could be adversely influenced by the testimony. Hence we conclude that any prejudice to defendant from Fritz' testimony did not outweigh its probative value in proving defendant's plan.

Defendant argues that Fritz' testimony should not have been admitted under prong two of Cofield. We are not persuaded.

> The requirement set forth as prong two of Cofield . . . is not one that can be found in the language of Evidence Rule 404(b). Cofield's second prong, therefore, need not receive universal application in Rule 404(b) disputes. Its usefulness as a requirement is limited to cases that replicate the circumstances in Cofield.
>
> [State v. Williams, 190 N.J. 114, 131 (2007).]
>
> In Cofield . . . the State sought to introduce evidence establishing the defendant's constructive possession of drugs during an illegal-drug street encounter that occurred subsequent to the drug incident that was the subject of the prosecution. The State sought to admit that similar and close-in-time other-crimes evidence as relevant to prove the defendant's possession of drugs in the charged offense, an element that was hotly contested. The test that the Court ultimately fashioned included an aspect that plainly addressed the specific drug evidence at issue in Cofield.
>
> [Id. (citations omitted).]

9

"Temporality and similarity of conduct is not always applicable, and thus not required in all cases." Rose, 206 N.J. at 160. Our de novo review of the record leads us to conclude the judge properly admitted Fritz' testimony about the Pine Hill assault under N.J.R.E. 404(b).

Defendant argues next that the witnesses' Pine Hill assault testimony was inadmissible under the fresh complaint doctrine. The record reveals some confusion during pre-trial argument, however the judge ultimately admitted Lisa Fritz's Pine Hill sex assault testimony under N.J.R.E. 404(b), and Dawn Kammerer's Washington Township sex assault testimony under the fresh complaint doctrine. Defendant conceded as much before the trial judge, consequently this argument has no merit. Any argument not addressed here lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4352-18